17473. LANE v. THE STATE.

The evidence in this case was circumstantial, and was not sufficient to authorize a conviction of possession or control of intoxicating liquor.

DECIDED OCTOBER 5, 1926.

Possessing intoxicating liquor; from city court of Washington —Judge Sutton. May 7, 1926.

Intoxicating Liquors, 33 C. J. p. 761, n. 53.

*Norman & Norman, H. E. Combs,* for plaintiff in error.
*Charles H. Calhoun, solicitor,* contra.

LUKE, J.   John Lane was convicted of the offense of having, controlling and possessing spirituous liquors. Sheriff G. M. Walton testified: that just as he and Mr. John F. Cofer turned into the road that leads out past Mr. A. A. Smith's house they met a white man, who was a stranger, coming from out in the pines, and stopped the car and began talking to him. While so talking witness saw the defendant coming up the old road that comes up almost parallel with the public road. While witness was talking to the defendant, the stranger to whom he had been previously talking got away. Witness's car was stopped just a few feet after he got into the road leading past Mr. Smith's. The lights of his car were burning when the defendant came up. Witness saw by moonlight, from where he met the defendant, a can in the road, and found some whisky,—thirteen and a half gallons. Some of it was on the side of the old road that the defendant came up, and some of it was under the brush in front of where the car stopped. The defendant had no whisky, and denied knowing anything about the whisky that was found. The defendant was going in the direction of Mr. Smith's house when witness stopped him, and said he was going there. After his arrest the defendant told witness that he would find some more whisky under some bushes near where he was arrested. The whisky was found where the defendant said to look for it. The defendant said he worked for Mr. Smith.

John F. Cofer, county policeman, testified: He and the sheriff drove out the road beyond Mineral Springs up to where the road turns out through the pines to go by Mr. Smith's house. Just as they turned out of the public road into the other road that leads by Mr. Smith's, they met a man who was a stranger, coming out of the pines. He walked up to their car and began talking to them. After they got a few feet further in the road they saw the defendant coming up the old road towards their car. "This is an old road that runs kind of parallel with the public road." The lights on the car were burning. When the defendant reached the car the sheriff arrested him, and told witness to catch the stranger. The latter was gone, and was never seen again. After the defendant's arrest witness found two bottles of whisky on each side of the road, perhaps about ten feet from the road. The defendant

was never seen outside this road. They found one gallon of whisky in the old road and four gallons beside this road under a bush. "About twenty steps from the road the defendant came up we found eight gallons of whisky." The defendant worked for Mr. Smith, said he was going to Mr. Smith's house, and when arrested he was in about two or three hundred yards of said house and going in that direction. The sheriff took the defendant to jail and left witness there. After the sheriff had left, witness saw two or more men get up from near where the whisky was found and run away, escaping. The defendant was not seen with any whisky, denied any knowledge of it, and said he had only started out to see Mr. Smith. Defendant stated that he had been working for Mr. Smith for twenty-six years, that he often went to his house at night to see what he wanted him to do next day, and that on the occasion in question he was going to Mr. Smith's to get some things he had left there. Defendant averred his innocence, and said he knew nothing about the whisky that the officers went back and found.

The evidence was not sufficient to authorize the conviction. Penal Code (1910), § 1010; *Allen* v. *State*, 25 *Ga. App.* 331 (103 S. E. 101); *Mathis* v. *State*, 28 *Ga. App.* 65 (110 S. E. 342).
*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*